IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIK AGUILAR LOPEZ,

    Plaintiff,                    No. 2:08-cv-2314-JFM (PC)

    vs.

C. W. FINN, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 23, 2009, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted. Plaintiff did not timely file an amended complaint. Accordingly, on March 4, 2009, plaintiff was ordered to show cause in writing, if any he has, why this action should not be dismissed without prejudice pursuant to Local Rule 11-110; Fed. R. Civ. P. 41(b). On March 6, 2009, an amended complaint was docketed in this action.[1] On March 23, 2009, plaintiff filed a response to the order to show cause. Good cause appearing, the order to show cause will be discharged.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This requirement includes complaints such as this one which have been filed by persons, now free, who were in custody at the time relevant to their complaint. The court must

_____

[1] It appears that the document was received in the Clerk's Office on February 12, 2009.

1

dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint consists of a series of pages that, taken together, do not form a cohesive complaint. The document does not include identification of defendants or a

prayer for relief, and it is difficult to discern the nature of plaintiff's claim from the document. Plaintiff's response to the order to show cause provides more information about the potential nature of plaintiff's § 1983 claims, but the response is not in the form of an amended complaint. For these reasons, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must identify specific defendants and must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must use the form provided with this order and therein plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, any amended complaint supersedes the prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 4, 2009 order to show cause is discharged.

2. Plaintiff's amended complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be on the form provided with this order, must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint and accompanying instructions.

DATED: April 23, 2009.

UNITED STATES MAGISTRATE JUDGE

12
lope2314.14amd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIK A. LOPEZ,

    Plaintiff,

vs.

C. W. FINN, et al.,

    Defendants.

_____/

No. 2:08-cv-2314-JFM (PC)

<u>NOTICE OF AMENDMENT</u>

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Second Amended Complaint

DATED:

                                        Plaintiff